20-682-cr
*US v. DeJesus*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand twenty-one.

PRESENT:   Guido Calabresi,
                     Robert A. Katzmann,
                     Steven J. Menashi,
                            *Circuit Judges.*

_____

United States of America,

          *Appellee,*

          v.                                                                    No. 20-682-cr

Alexis DeJesus,

          *Defendant-Appellant.*\*

_____

---

\* The Clerk of Court is respectfully directed to amend the official caption as set forth above.

*For Appellee*:     ELENA L. CORONADO, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, *on the brief*), *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT.

*For Appellant*:     JONATHAN J. EINHORN, Jonathan J. Einhorn Law Offices, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Shea, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Alexis DeJesus appeals from the district court's judgment entered on February 20, 2020, sentencing him to 108 months' imprisonment followed by a five-year term of supervised release. On appeal, he argues that the imposition of the above-guidelines sentence was procedurally defective because the district court improperly applied a two-level enhancement and departed upwards pursuant to U.S.S.G. § 3C1.2. We disagree and affirm. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

# I

After a federal grand jury indicted DeJesus and fifteen co-conspirators for federal narcotics and firearms offenses—and fourteen of his co-conspirators were arrested under federal arrest warrants—DeJesus engaged in a weeklong, dangerous flight from police, committed multiple car thefts, and repeatedly assaulted a domestic partner. During this weeklong run from law enforcement, DeJesus assaulted the mother of his child, effectively kidnapped her, threatened to kill her, and otherwise continued his extended attack on her. She eventually escaped.

During his weeklong flight, DeJesus caused a road accident in West Hartford, causing heavy front-end damage to his own vehicle, and fled the scene of the accident in his car. He stole three cars during the course of the week, including a taxi and a car he stole from a car dealership while displaying a gun. When law enforcement located and pursued him, he engaged in a high-speed car chase during which he accelerated over sidewalks, sped through traffic lights and stop signs, and drove into the oncoming traffic lane, maneuvering around numerous vehicles stopped at a red light. When he was finally subdued and arrested, he had in his possession eight firearms, one of which he brandished at

the police and which was loaded at the time; a substantial amount of ammunition; and 55 grams of cocaine.

After entering a guilty plea with the benefit of a written plea agreement, DeJesus was sentenced principally to 108 months' imprisonment. He timely appealed.

## II

On appeal, DeJesus argues that the district court abused its discretion in imposing an above-guidelines sentence and erred in applying an enhancement and an upward departure pursuant to U.S.S.G. § 3C1.2. We disagree.

## A

We review sentencing challenges for "reasonableness," which is "a particularly deferential form of abuse-of-discretion review." *United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012) (quoting *United States v. Cavera*, 550 F.3d 180, 188 & n.5 (2d Cir. 2008) (en banc)). Decisions to depart or to vary from the Guidelines are also reviewed for abuse of discretion. *Koon v. United States*, 518 U.S. 81, 97-100 (1996).

It is a "well-settled legal principle that the sentencing judge is of course not bound by the estimated [Guidelines] range in a plea agreement." *United States v.*

*Hamdi*, 432 F.3d 115, 123-24 (2d Cir. 2005) (internal quotation marks omitted). Federal Rule of Criminal Procedure 11(c)(1)(B) reiterates that, although a plea agreement may "recommend … that a particular sentence or sentencing range is appropriate" under the Guidelines, "such a recommendation or request does not bind the court." Fed. R. Crim. P. Rule 11(c)(1)(B).

In this case, moreover, both the plea agreement and the district court at the plea hearing notified the defendant that the court was not bound by the plea agreement on the Guidelines range. The plea agreement, for example, expressly stated that the district court was not bound by the plea agreement on the Guidelines range. Further, at the plea hearing, the district court confirmed at least four separate times that DeJesus understood that the court was not bound by the estimated Guidelines range.

Thus, not only did the district court have the authority to depart from any guidelines range in the plea agreement, but the district court also ensured that DeJesus was on notice that the district court could exercise that authority.

**B**

DeJesus argues that the district court improperly applied U.S.S.G. § 3C1.2 for a two-level enhancement for dangerous flight as well as an upward departure

5

for conduct that "pose[s] a substantial risk of death or bodily injury to more than one person." U.S.S.G. § 3C1.2, Application Note 6. This court reviews the district court's interpretation of the Sentencing Guidelines *de novo* but reviews its factual findings only for clear error. *United States v. Adams*, 955 F.3d 238, 247 (2d Cir. 2020).

Section 3C1.2 of the Sentencing Guidelines provides for a two-level enhancement if a defendant "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." Application Note 6 to § 3C1.2 notes that "an upward departure may be warranted" if "the conduct posed a substantial risk of death or bodily injury to more than one person." U.S.S.G. § 3C1.2, Application Note 6. We think both the enhancement and the departure were properly applied.

First, the district court did not clearly err by rejecting DeJesus's argument that he was not fleeing from the federal charges but from state authorities who might apprehend him for his violence toward the mother of his child. The district court reasonably concluded that the defendant was "aware [he] w[as] being sought for federal charges" based on the fact that the defendant was engaging in some of his federal offense conduct while fleeing. Appellant's App'x 169.

6

Second, the district court did not abuse its discretion by applying the upward departure contemplated in Application Note 6. The district court noted at least four discrete incidents during DeJesus's flight that created the substantial risk of death or bodily injury to others. DeJesus escaped from New Britain police in a stolen Subaru and rammed into a police cruiser; he escaped from West Hartford police by accelerating the vehicle that he was driving toward the police officers; during the final chase DeJesus drove away at a high rate of speed, drove over sidewalks, disregarded stop signs and traffic lights, drove into the oncoming traffic lane, maneuvered around numerous vehicles stopped at a red light, crossed multiple lanes, and drove over the divider toward oncoming traffic a second time; finally, he brandished a loaded gun at a pursuing police officer while fleeing on foot. It is beyond dispute that DeJesus put multiple people at risk of serious bodily injury.

For these reasons, we are not left with a "definite and firm conviction that a mistake has been committed." *United States v. Wallace*, 937 F.3d 130, 141 (2d Cir. 2019). The district court did not abuse its discretion by imposing an above-guidelines sentence.

7

*   *   *

We have considered DeJesus's remaining arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court